Dale K. Galipo, Esq. (Bar No. 144074) | dalekgalipo@yahoo.com
Thomas C. Seabaugh, Esq. (Bar No. 272458) | tseabaugh@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333 | Facsimile: (818) 347-4118

Luis A. Carrillo (Bar No. 070398) | lac4justice@gmail.com
LAW OFFICES LUIS A. CARRILLO
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Telephone: (626) 799-9375 | Facsimile: (626) 799-9380

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA ISABEL FLORES GARCIA,<br><br>                         Plaintiff,<br>    vs.<br><br>CITY OF LOS ANGELES;<br>DOES 1 THROUGH 10;<br>D. G. A., a minor child and a nominal defendant,<br><br>                      Defendants. | Case No. 2:14-cv-8868<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Substantive Due Process (42 U.S.C. § 1983)<br>2. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>3. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Negligence (Wrongful Death)<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT FOR DAMAGES</u>

Plaintiff JUANA ISABEL FLORES GARCIA ("Plaintiff"), for her Complaint ("Complaint") against the CITY OF LOS ANGELES ("City") and DOES 1 THROUGH 10 ("Officer Defendants"), alleges as follows:

-1-

**<u>INTRODUCTION</u>**

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendant City of Los Angeles for violating various rights under the United States Constitution and state law in connection with the death of Plaintiff's son, Jorge Luis Azucena ("Decedent"), at the hands of the Officer Defendants on September 7, 2013.

**<u>PARTIES</u>**

2.     At all relevant times, Decedent was an individual residing in the County of Los Angeles, California.

3.     Plaintiff resides in the County of Los Angeles, California.  Decedent was the natural born child of Plaintiff.

4.     At all relevant times, each of the Officer Defendants was a police officer and/ or a managerial, supervisorial, and policymaking employee of the Los Angeles Police Department, who was acting under color of law within the course and scope of his duties as a police officer and/ or a managerial, supervisorial, and policymaking employee for the Los Angeles Police Department and with the complete authority and ratification of his or her principal, Defendant City of Los Angeles.  Officer Defendants caused Plaintiff's injuries by denying medical care to the decedent, by integrally participating or failing to intervene in the denial of medical care, and by engaging in other acts and/ or omissions around the time of the incident that resulted in Decedent's death.

5.     In doing the acts and failing and omitting to act as hereinafter described, Officer Defendants were acting on the implied and actual permission and consent of City.

6.     Upon information and belief, at all times mentioned herein, each and every Officer Defendant was the agent of each and every other Officer Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Officer Defendant.

7.     The true names of Officer Defendants are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

8.     On information and belief, at all relevant times, Officer Defendants were residents of the State of California.

9.     The Officer Defendants are directly liable for Plaintiff's injuries under state law and federal law pursuant to 42 U.S.C. § 1983 and are sued in their individual capacities for damages only.

10.     Upon information and belief, D.G.A. may be the minor child of decedent and a potential heir to the decedent's estate. Accordingly, upon information and belief, D.G.A. is possibly a successor in interest as defined in Section 377.11 of the California Code of Civil Procedure. If D.G.A. is Decedent's child, then D.G.A. may be a necessary party to a wrongful death action and he is identified in this Complaint as a nominal defendant.

11.     On March 6, 2014, Plaintiff filed comprehensive and timely claims for damages with the City pursuant to applicable sections of the California Government Code.

12.     On May 22, 2014, the City denied Plaintiff's claims.

## JURISDICTION AND VENUE

13.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourteenth Amendment of the United States Constitution, as well as a related claim under California tort law. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

COMPLAINT FOR DAMAGES

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15.     The foregoing allegations are incorporated as if re-alleged herein.

16.     On September 7, 2013, the Officer Defendants stopped Decedent's vehicle and took Decedent into custody.  The Officer Defendants initiated the encounter with Decedent because Decedent allegedly ran a red light.

17.     After being handcuffed, Decedent told the Officer Defendants, "I can't breathe."  He repeatedly indicated that he was having trouble breathing. Decedent was asthmatic.

18.     The Officer Defendants refused to provide medical care to the Decedent.

19.     Instead of providing medical care, the Officer Defendants taunted Decedent and scoffed at his distress. One of the Officer Defendants said, "If you can talk, you can breathe."

20.     When the Officer Defendants continued to ignore his pleas, Decedent began yelling to onlookers that he was in distress.  He yelled, "Help me, help me, help me. I can't breathe. Help me, please."

21.     The Officer Defendants callously ignored Decedent's statements that he could not breathe. Instead of taking Decedent to the hospital, the Officer Defendants took the Decedent to the Southwest Division police station.

22.     Throughout his encounter with Officer Defendants, the decedent made numerous statements about trouble breathing and needing help.

23.     By the time the Decedent arrived at the station, the Decedent was dying and could not stand on his own.  His limp body had to be carried out of the patrol car.  The Officer Defendants continued to ignore Decedent's obvious medical distress.

24.     The Decedent was not asked whether he was sick or injured at the station.  Instead, one of the Officer Defendants wrote "not responsive" on an intake form.

25.   Instead of providing medical care to the Decedent, the Officer Defendants dumped his limp body face down in a holding cell.

26.   The Decedent was later discovered unresponsive in the holding cell.

27.   Upon information and belief, paramedics were not summoned until after Decedent had already died.

28.   The Decedent was pronounced dead at the hospital at 3:30 a.m. on September 8, 2013.  An autopsy revealed that asthma was a probable cause of death.

29.   As a result of the wrongful conduct of the Officer Defendants, the Decedent lost his life.

30.   The City later posted on its agency's website a false account of the incident, in which Azucena is described as being "taken into custody without incident."

31.   The Plaintiff was financially supported by the decedent for at least five to seven years before his death.  The last time he gave her money was in May 2013, a few months before his death.

## FIRST CLAIM FOR RELIEF

### Substantive Due Process – Interference with Familial Relationship

### (42 U.S.C. § 1983)

(Against All Officer Defendants)

32.   The foregoing allegations are incorporated as if re-alleged herein.

33.   Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including without limitation unwarranted state interference in her familial relationship with her son, Decedent.

34.   The aforementioned actions of the Officer Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate

-5-

1   indifference to the constitutional rights of Decedent and Plaintiff, and with purpose

2   to harm unrelated to any legitimate law enforcement objective.

3        35.   Specifically, the following conduct of the Officer Defendants shocks

4   the conscience:

5             (a)   denying medical care to a dying person;

6             (b)   taunting and scoffing at a dying person;

7             (c)   preventing a dying person from receiving medical care;

8             (d)   dumping a dying person face down in a cell;

9             (e)   causing the death of an individual by denying medical care;

10            (f)   integrally participating in or failing to intervene in the above

11                  misconduct; and

12            (g)   all of the above acts together.

13       36.   The Officer Defendants acted under color of state law.

14       37.   The conduct of the Officer Defendants was a cause of Decedent's

15   death.

16       38.   In light of the above, The Officer Defendants violated the substantive

17   due process rights of Plaintiff to be free from unwarranted interference with her

18   familial relationship with Decedent.

19       39.   As a direct and proximate cause of the acts of the Officer Defendants,

20   Plaintiff has been deprived of the life-long love, companionship, comfort, support,

21   society, care, and sustenance of Decedent, her loved one and family member, and

22   will continue to be so deprived for the remainder of her natural life.

23       40.   The conduct of the Officer Defendants was willful, wanton, malicious,

24   and done with reckless disregard for the rights and safety of Decedent and Plaintiff

25   and therefore warrants the imposition of exemplary and punitive damages as to each

26   of the Officer Defendants.

27       41.   Plaintiff brings this claim individually and seeks wrongful death

28   damages.

COMPLAINT FOR DAMAGES

42.     Plaintiff also seeks punitive damages under this claim; attorneys' fees; funeral and burial expenses; and damages based on a loss of financial support.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against All Defendants)

43.     The foregoing allegations are incorporated as if re-alleged herein.

44.     The Officer Defendants acted under color of law.

45.     The acts of the Officer Defendants deprived the Decedent and Plaintiff of their particular rights under the United States Constitution.

46.     Upon information and belief, DOE 10, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Officer Defendants, ratified (or will ratify) the Officer Defendants' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the Officer Defendants' acts.

47.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Officer Defendants were "within policy."

48.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent.

49.     Accordingly, Defendant City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

50.     Plaintiff brings this claim individually and seeks wrongful death damages.

51.     Plaintiff also seeks attorneys' fees; funeral and burial expenses; and damages based on a loss of financial support.

COMPLAINT FOR DAMAGES

### **THIRD CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against All Defendants)

52.    The foregoing allegations are incorporated as if re-alleged herein.

53.    The Officer Defendants acted under color of law;

54.    The acts of the Officer Defendants deprived the Decedent and Plaintiff of their particular rights under the United States Constitution.

55.    The training policies of the Defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

56.    Specifically, the training policies were not adequate to put the Defendant Officers on notice that they were required to provide medical attention to a dying individual in their custody under the circumstances of this case.

57.    The Defendant City of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

58.    The failure of the Defendant City of Los Angeles to provide adequate training caused the decedent's death.

59.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent.

60.    Accordingly, Defendant City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

61.    Plaintiff brings this claim individually and seeks wrongful death damages.

62.    Plaintiff also seeks attorneys' fees; funeral and burial expenses; and damages based on a loss of financial support.

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against All Defendants)

63. The foregoing allegations are incorporated as if re-alleged herein.

64. The Officer Defendants acted under color of law;

65. The Officer Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant City of Los Angeles.

66. On information and belief, the Officer Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent's death.

67. City and Officer Defendants, together with other City policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Failing to provide medical care to individuals in custody;

    (b)    Providing inadequate training regarding the provision of medical care to individuals in custody;

    (c)    Mistreating persons with medical disabilities;

    (d)    Providing inadequate training regarding encounters with persons with medical disabilities;

    (e)    Employing and retaining as police officers individuals such as Officer Defendants, who Defendant City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and showing callous indifference to persons with medical distress;

    (f)    Inadequately supervising, training, controlling, assigning, and disciplining City police officers, and other personnel, including Officer Defendants, who Defendant City knew or in the exercise

of reasonable care should have known had the aforementioned propensities and character traits;

(g) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by City police officers, including Officer Defendants;

(h) Failing to adequately discipline City police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(i) Announcing that unjustified in-custody deaths are "within policy" and covering up those deaths, including unjustified in-custody deaths that were later determined in court to be unconstitutional;

(j) Even where unjustified in-custody deaths are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(k) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(l) Maintaining a policy of inaction and an attitude of indifference towards unjustified in-custody deaths, including by failing to

1               discipline, retrain, investigate, terminate, and recommend

2               officers for criminal prosecution who participate in these

3               incidents.

4       68.     By reason of the aforementioned acts and omissions, Plaintiff has

5 suffered loss of the love, companionship, affection, comfort, care, society, training,

6 guidance, and past and future support of Decedent.

7       69.     Apart from the incident giving rise to this lawsuit, specific examples of

8 some of the aforementioned customs and practices include, but are not limited to:

9            (a)     In February 3, 2007, LAPD officers caused the death of Mauricio

10               Cornejo by ignoring his medical distress and failing to summon

11               medical care. Surveillance camera footage showed the officers

12               arriving with Mr. Cornejo's limp body at the police station and

13               dragging it out of a patrol car.  Instead of summoning

14               medical care for Mr. Cornejo, officers propped Mr. Cornejo's

15               body up in a jail cell.  By the time paramedics arrived to treat

16               Mr. Cornejo, he had been dead for 15 or 20 minutes.

17            (b)     During the evening of July 21, 2013 and the morning of July 22,

18               2013, LAPD officers caused the death of Sandra Thomas, who

19               died in the back of a patrol car while LAPD officers looked on.

20               In that case, as in this one, the officers were indifferent to Sandra

21               Thomas' medical distress as her condition deteriorated before

22               their eyes and she became unresponsive and died.

23       70.     Defendants City and Officer Defendants, together with various other

24 officials, whether named or unnamed, had either actual or constructive knowledge

25 of the deficient policies, practices and customs alleged in the paragraphs above.

26 Despite having knowledge as stated above, these defendants condoned, tolerated and

27 through actions and inactions thereby ratified such policies.  Said defendants also

28 acted with deliberate indifference to the foreseeable effects and consequences of

1 these policies with respect to the constitutional rights of Decedent, Plaintiff, and

2 other individuals similarly situated.

3      71.    Accordingly, Defendant City is liable to Plaintiff for compensatory

4 damages under 42 U.S.C. § 1983.

5      72.    Plaintiff brings this claim individually and seeks wrongful death

6 damages.

7      73.    Plaintiff also seeks attorneys' fees; funeral and burial expenses; and

8 damages based on a loss of financial support.

9

10                                **FIFTH CLAIM FOR RELIEF**

11           **Negligence (Cal. Govt. Code § 820 and California Common Law)**

12                            (Wrongful Death)

13      74.    The foregoing allegations are incorporated as if re-alleged herein.

14      75.    The actions and inactions of Officer Defendants were negligent and

15 reckless, including but not limited to:

16           (a)    denying medical care to a dying person;

17           (b)    taunting and scoffing at a dying person;

18           (c)    preventing a dying person from receiving medical care;

19           (d)    dumping a dying person face down in a cell;

20           (e)    causing the death of an individual by denying medical care;

21           (f)    integrally participating in or failing to intervene in the above

22                 misconduct; and

23           (g)    all of the above acts together.

24      76.    As a direct and proximate result of the conduct of the Officer

25 Defendants as alleged above, and other undiscovered negligent conduct, Decedent

26 died. Also as a direct and proximate result of the Officer Defendants' conduct as

27 alleged above, Plaintiff has been deprived of the life-long love, companionship,

28

1  comfort, support, society, care and sustenance of Decedent, and will continue to be

2  so deprived for the remainder of her natural life.

3      77.    Plaintiff claims standing to pursue this claim based upon a loss of

4  fianical support pursuant to Cal.C.C.P. § 377.60(b).

5      78.    If nominal defendant D.G.A. is the Decedent's child, then D.G.A. may

6  be a necessary party to this claim.

7      79.    The City is vicariously liable for the wrongful acts of all other

8  defendants pursuant to section 815.2 of the California Government Code, which

9  provides that a public entity is liable for the injuries caused by its employees within

10  the scope of the employment if the employee's act would subject him or her to

11  liability.

12      80.    Plaintiff seeks wrongful death damages, funeral and burial expenses,

13  and a loss of financial support.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

     A.  For compensatory damages, including wrongful death damages under federal and state law, in the amount to be proven at trial;

     B.  For funeral and burial expenses, and loss of financial support;

     C.  For punitive damages in an amount to be proven at trial;

     D.  For interest;

     E.  For reasonable costs of this suit and attorneys' fees; and

     F.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: November 14. 2014    LAW OFFICES OF DALE K. GALIPO

            By_____ */s/ Thomas C. Seabaugh*_____
             Dale K. Galipo, Esq.
             Thomas C. Seabaugh, Esq.
             Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

1

**<u>DEMAND FOR JURY TRIAL</u>**

2
     Plaintiff hereby demands a trial by jury.

3

4
DATED:  November 14, 2014     LAW OFFICES OF DALE K. GALIPO

5

6
               By _____ */s/ Thomas C. Seabaugh* _____

7
               Dale K. Galipo, Esq.
               Thomas C. Seabaugh, Esq.

8
               Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

COMPLAINT FOR DAMAGES